# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

JAMES WHITE                                                                                   PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:09CV-P842-H

BRECKINRIDGE COUNTY, KENTUCKY *et al.*                                      DEFENDANTS

## <u>MEMORANDUM OPINION</u>

Plaintiff, James White, acting *pro se* filed this 42 U.S.C. § 1983 action against several

defendants on or about October 16, 2009.  On review of the complaint pursuant to 28 U.S.C.

§ 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court directed

service on each Defendant by Order entered March 18, 2010.  By Order entered June 7, 2010, the

Court directed the parties to submit a litigation plan and discovery outline to the Court no later

than July 26, 2010.  Plaintiff did not respond to the Court's Order.  Furthermore, a review of the

docket sheet reveals that Plaintiff had not responded to any of the motions filed by Defendants

nor taken any action in this case since the initial complaint was filed a year ago.  Accordingly, by

Order entered October 20, 2010, the Court directed Plaintiff to show cause why this action

should not be dismissed for failure to prosecute.  The Court gave Plaintiff thirty days to respond

and warned him that failure to do so would result in dismissal of this action.  To date, Plaintiff

has not responded to the Court's Order or taken any other action in this matter.

Although federal courts afford *pro se* litigants some leniency on matters that require legal

sophistication, such as formal pleading rules, the same policy does not support leniency from

court deadlines and other procedures readily understood by laypersons, particularly where there

is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991).  "[T]he lenient treatment of *pro se* litigants has limits.  Where, for example, a *pro se*

litigant fails to comply with an easily understood court-imposed deadline, there is no basis for

treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power

"acting on their own initiative, to clear their calendars of cases that have remained dormant

because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*,

370 U.S. 626, 630 (1962).

Upon review of the docket in this matter, the Court finds that Plaintiff has been willfully

dilatory justifying dismissal of this action for failure to prosecute. The Court will enter a

separate Order of dismissal.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4412.008